## NOT DESIGNATED FOR PUBLICATION

### STATE OF LOUISIANA
### COURT OF APPEAL, THIRD CIRCUIT

### CA 06-520 consolidated with CA 06-521


**ROY S. OSWALT, ET AL.**

**VERSUS**

**DANIEL J. WALTERS, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2006-526 C/W 2006-527
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

### BILLY HOWARD EZELL
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**J. J. McKernan**
**John H. Smith**
**McKernan Law Firm**
**8710 Jefferson Highway**
**Baton Rouge, LA 70809**
**(225) 926-1234**
**Counsel for Plaintiffs/Appellants:**
**Donna Oswalt**
**Roy S. Oswalt**
**Helen Willis**
**Robert Franklin Willis**

**Ian Alexander Macdonald**
**Perret, Doise**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**Counsel for Defendants/Appellees:**
**Dixie Cabs, Inc.**
**Imperial Fire and Casualty Insurance Company**
**Daniel J. Walters**

**Scott F. Higgins**
**Attorney at Law**
**P. O. Box 91530**
**Lafayette, LA 70509**
**(337) 237-4370**
**Counsel for Defendants/Appellees:**
**Jannock, Ltd.**
**Pacific Employers Insurance Company**

**Melvin L. Holden**
**Attorney at Law**
**838 N. Blvd.**
**Baton Rouge, LA 70802**
**(225) 346-0406**
**Counsel for Plaintiffs/Appellants:**
**Roy S. Oswalt**
**Helen Willis**
**Donna Oswalt**
**Robert Franklin Willis**

**Orlando Rodriquez Richmond, Sr.**
**Attorney at Law**
**605 2nd Ave., North, Suite 500**
**Columbus, MS 39705**
**(662) 327-2722**
**Counsel for Plaintiffs/Appellants:**
**Robert Franklin Willis**
**Donna Oswalt**
**Helen Willis**
**Roy S. Oswalt**

**EZELL, JUDGE.**

In this matter, Roy and Donna Oswalt and Robert and Helen Willis appeal the decision of the trial court dismissing their claims against Daniel Walters, his employer, Dixie Cabs, and its insurer, Imperial Fire and Casualty Insurance Company. The workers' compensation carrier for the Plaintiffs, Pacific Employers Insurance Company, intervened to recover workers' compensation benefits paid to the Plaintiffs. They also appeal the dismissal of their claims. For the following reasons, we affirm the decision of the trial court.

This suit arises out of an auto accident occurring on December 16, 1999. At that time, Mr. Oswalt and Mr. Willis were truck drivers employed by Gulf States Manufacturing. The pair traveled from Starkville, Mississippi to Lafayette, Louisiana to deliver component parts to be used in the construction of a Lafayette school. Upon arriving in Lafayette, the Plaintiffs became lost and decided to pull into the parking lot of a shopping center adjacent to Pinhook Road. The two had planned to cross Pinhook to a nearby Burger King to use a phone or ask for directions to the school. At the point where the two Plaintiffs planned to cross, Pinhook is a five-lane road comprising of two eastbound lanes and two westbound lanes, divided by a center turning lane. The Plaintiffs walked across the two westbound lanes, allegedly stopping in the turning lane to wait for eastbound traffic to pass them by. The point where they chose to cross had no crosswalk.

At the same time, Mr. Walters was preparing to exit the Burger King parking lot. Mr. Walters, intending to turn left onto Pinhook, pulled to the edge of the parking lot and stopped. After looking right, then left, then right again, Mr. Walters decided he could safely cross the eastbound lanes and pulled onto Pinhook. Soon after he entered the roadway, he struck Mr. Willis and, allegedly, Mr. Oswalt. Mr.

1

Willis was taken to the hospital for treatment of injuries he sustained, while Mr. Oswalt continued on to work.

The Plaintiffs subsequently filed this suit against Mr. Walters, his employer, and its insurer, alleging that Mr. Walters was negligent in striking the Plaintiffs. The workers' compensation carrier for Gulf States Manufacturing intervened in the suit, seeking to recoup medical benefits they paid as a result of this accident. Mr. Walters died prior to the trial, but the Plaintiffs' claims were not amended to include his estate.

After a trial on the merits, the trial court dismissed the Plaintiffs' claim, finding the Plaintiffs at fault for failure to cross at a crosswalk and for their failure to yield to Mr. Walters. The trial court further found that Mr. Walters breached no duty to the Plaintiffs, but acted reasonably under the circumstances. From that decision, the Plaintiffs and Pacific appeal.

Both the Plaintiffs and Pacific assert only one assignment of error, that the trial court erred in finding that Mr. Walters was not at fault for striking the Plaintiffs. For the following reasons, we disagree.

Under the manifest error standard, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. *Stobart v. State through DOTD*, 617 So.2d 880 (La.1993). In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Id*. The law governing motorists colliding with pedestrians was extensively explored by this court in *Kerrigan v. Imperial Fire and Casualty Ins. Co.*, 99-603, 99-604, pp. 7-8 (La.App. 3 Cir. 11/3/99), 748 So.2d 67, 73-74, *writ not*

2

*considered*, 99-3569 (La. 2/4/00), 754 So.2d 219, *writ denied*, 99-3410 (La. 2/4/00), 754 So.2d 236 (*quoting Uriegas v. Gainsco*, 94-1400, pp. 15-18 (La.App. 3 Cir. 9/13/95), 663 So.2d 162, 171-72, *writ denied*, 95-2485 (La. 12/15/95), 664 So.2d 458(*quoting Baumgartner v. State Farm Mut. Auto Ins. Co.*, 35 So.2d 400, 406 (La.1978)) (case citations omitted) (alteration in original):

> Louisiana law does not impose absolute or strict liability upon a motorist involved in a collision with a pedestrian. Motorists are not the insurers of pedestrians' safety. However, a motorist is statutorily obligated to exercise due care to avoid colliding with any pedestrian upon the roadway and must give warning to the pedestrian by sounding the horn when necessary. Furthermore, a motorist must exercise proper precaution upon observing any child or any confused or incapacitated person upon a highway. La.R.S. 32:214

> The fact that an accident occurs does not create a presumption of negligence in favor of either the pedestrian or motorist. Accidents occurring between a pedestrian and a motorist are governed by the principles of comparative fault. La.Civ.Code art. 2323. Therefore, a determination of negligence in motorist/pedestrian accidents rests upon the particular facts and circumstances of each case.

> The driver of a vehicle bears a greater responsibility to avoid pedestrian/motorist accidents because the consequences of his fault present the potential for causing the greater havoc. "The greater the risk of harm to others, the greater is the fault." As stated by the Louisiana Supreme Court:

>> The operator of a motor vehicle, a dangerous instrumentality, has the constant duty to watch out for the possible negligent acts of pedestrians and avoid injuring them. A higher standard of care than that required of pedestrians is imposed upon the motorist commensurate with the hazards his conduct inflicts upon the public safety. . . . It must be noted, however, that a motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault.

> Likewise, a pedestrian is charged with a duty to exercise reasonable care when entering the roadway or a crosswalk. A pedestrian simply may not freely choose to leave a position of safety and pursue a course certain to enter the path of a vehicle which is so close that it is impossible for the driver to yield. Furthermore, when a pedestrian crosses a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection, the pedestrian must yield the right of way to all vehicles upon the roadway. La.R.S. 32:212(B). Therefore,

responsibility for travel free from undue peril on the streets and highways of this state is shared by both the motorist and pedestrian. The countervailing duties that motorists and pedestrians owe to each other ensure that both pedestrians and motorists may safely coexist on roadways traversed by both.

Although a motorist commands a greater instrumentality of harm, a pedestrian still bears the burden of proving that the motorist was negligent before he can recover damages. A motorist has no special duty to anticipate the presence of a pedestrian in a roadway where there is no crosswalk. Moreover, a motorist is not held to the highest standard of care in guarding against unexpected or unusual obstructions in the road. A motorist has a right to assume that a pedestrian will remain in a position of safety and will not attempt to enter the path of a moving vehicle. However, a motorist may not blindly rely upon this assumption when he sees, should have seen, or anticipates that the pedestrian is going to cross the path of his vehicle. When a motorist sees, should have seen, or anticipates that the pedestrian is going to cross the path of his vehicle, the motorist must exercise reasonable care to protect the pedestrian.

The trial court ruled that the Plaintiffs failed to meet their burden of proof that Mr. Walters was negligent in striking them. To the contrary, the trial court found that the Plaintiffs breached their statutory duty to yield to vehicular traffic when they attempted to cross the street outside of the crosswalk. We agree.

All of the witnesses, including the Plaintiffs, testified that the weather was clear and that there were no obstructions to Mr. Walters' view. Mr. Walters felt that if the Plaintiffs had been in the turning lane at the time he pulled out of the parking lot, he would have seen them. The trial court ruled that Mr. Walters acted reasonably under the circumstances and that he met his duty of reasonable action when he looked both directions before entering the street. The trial court found no evidence that the Plaintiffs should have been seen in the roadway under the circumstances except for the testimony of the Plaintiffs.

Additionally, the trial court found the testimony of the Plaintiffs to lack credibility, including their estimations of the distance from the parking lot to the point they were struck. The Plaintiffs testified that they were seventy-five yards from the

4

parking lot when they were hit. However, this was contradicted by the testimony of Jace Quibedeaux, the officer investigating the accident. Officer Quibedeaux testified that it was closer to fifteen yards. Mr. Willis also contradicted himself when he testified that the pair were "at the driveway that entered the Burger King." Other inconsistencies include Mr. Oswalt claiming he had been struck and injured by the cab, despite telling Office Quibedeaux at the scene that he thought he had not been hit and that he had sustained no injuries. Furthermore, neither Plaintiff could definitively testify as to how long they were in the turning lane before they were struck.

The Plaintiffs were professional truck drivers who were, or should have been, aware of the risks of crossing a busy street outside of the crosswalk. Mr. Willis himself testified in his deposition that he expects pedestrians to be in the crosswalk while crossing the street. By failing to cross in the intended area, they placed themselves at risk. We can find no error in the dismissal of the Plaintiffs' and Pacific's claims, as a reasonable factual basis does exist in the record before us for the trial court's finding.

For the above reasons, the decision of the trial court is affirmed. Costs of this appeal are to be split between the parties, with Mr. Willis to pay one-third of the costs, Mr. Oswalt to pay one-third of the costs, and Pacific to pay one-third of the costs.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 1-16.3, Uniform Rules, Court of Appeal.